■ In the Matter of MILLICENT E. MILLER, Petitioner, v GENERAL ELECTRIC COMPANY, Respondent. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated December 9, 1983, which affirmed an order of the State Division of Human Rights dismissing petitioner's complaint of an unlawful discriminatory practice based on age and sex. ¶ This petition must be dismissed as untimely as petitioner failed to commence this proceeding by the filing and service of a notice of motion and petition within 30 days of the service of the Appeal Board's order as required by section 298 of the Executive Law. Petitioner was obliged to begin this proceeding by January 11, 1984, i.e., 30 days after the Appeal Board's order was served by mail (on December 9, 1983) plus five additional days for mailing (CPLR 2103, subd [b], par 2). Although her attorney did deliver a copy of the notice of motion to this court on January 10, 1984, he did not serve respondent with a notice of motion or the petition, nor did he deliver copies of the petition and an affidavit of service to this court until January 19, 1984. Pursuant to section 298 of the Executive Law, a proceeding is not officially commenced thereunder until a petition and record of all prior proceedings have been filed with the court and service of a notice of motion has been effected upon the respondent. Further, section 800.20 of the rules of this court (22 NYCRR 800.20) provides that a proceeding under section 298 shall be instituted by filing with this court copies of the verified petition and notice of motion with proof of service on each respondent. Since petitioner failed to fulfill these prerequisites within the prescribed time limitations, her petition was untimely filed and, accordingly, this court has no jurisdiction over the instant proceeding (see *Powell v New York State Div. of Human Rights,* 59 AD2d 973). ¶ However, were we to consider the merits of this matter, we would confirm the Appeal Board's determination on the ground that there is no evidence in the record that petitioner was the victim of any form of discrimination (see *Matter of Campchero v General Elec. Broadcasting,* 88 AD2d 747, 748). On the contrary, there is substantial evidence in the record that petitioner was discharged for insubordination. ¶ We further note that there is no merit to petitioner's assertion that the Division's investigation of her claim was inadequate, citing the failure of the Appeal Board to discuss the harassment and persistent denial of promotion which she allegedly endured as the result of age and sex discrimination. Petitioner's original complaint was not filed with the Division until July 12, 1982. Pursuant to subdivision 5 of section 297 of the Executive Law, the Division may only review alleged unlawful discriminatory events which have taken place one year prior to the date on which the complaint was filed. Accordingly, it could examine only the circumstances surrounding petitioner's discharge (on July 15, 1981) and the events of the three days prior

thereto. Petitioner's dismissal was fully discussed in the Division's opinion, evidencing the fact that it was adequately investigated prior to the rendering of a decision. ¶ Petition dismissed, without costs. Mahoney, P. J., Kane, Main, Levine and Harvey, JJ., concur.